UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Michael B. Flanigan,

    Plaintiff,

                                09-1179

FCI Pekin,

    Defendants.

## Case Management Order

    The plaintiff is incarcerated in Pekin-FCI. In May 2009, the plaintiff sent a letter saying that he had been assaulted by staff. (d/e 1). He asked for "Bivens" forms. The court opened this case and sent the plaintiff a complaint form, instructions, and a petition for leave to proceed in forma pauperis. The court noted that the plaintiff arguably stated an Eighth Amendment claim for excessive force and failure to protect, but he did not name the officers who had assaulted him or the officials who had personally failed to protect him. (5/26/09 text order). The court directed the plaintiff to file a petition to proceed in forma pauperis and a complaint by June 25, 2009. His time for filing

    The plaintiff has not paid the filing fee or submitted a petition to proceed in forma pauperis. His time for submitting an extended complaint was extended to August 10, 2009, in a text order explaining that "the plaintiff has still not filed a complaint naming the defendants he seeks to sue, explaining what each defendant did, and explaining what relief he seeks. The case cannot proceed without this information." (7/13/09 text order).

    The plaintiff has since filed three letters, that have been construed as motions by the court (d/e's 8, 9, 10). The first letter (d/e 8) states that the plaintiff is being refused stamps and that Lieutenant Wallace slammed the plaintiff's hand the plaintiff's arm in the tray slot, after the plaintiff held the tray slot open, seeking assistance for the stamp problem. The plaintiff alleges that he had to borrow a stamp in order to send out his letter. He asks to be transferred and also asks for preservation of the video tape of the assault.

    In the second letter (d/e 9), the plaintiff asks to file an amended complaint to seek his transfer out of the Bureau of Prisons. He alleges that he has been assaulted five times during his four-year incarceration with the BoP. He says that two of the assaults were "dropped" and two are pending in the Fourth Circuit (it is not clear whether the plaintiff means state or federal court). The plaintiff also states that he is unclear as to what the court wants, and asks for an extension to comply.

    In the last letter (d/e 10), the plaintiff says that officials are refusing to take pictures of his arms, he believes to avoid creating evidence in support of the plaintiff's claims. He also

alleges that Lieutenant Wallace has implied that the plaintiff is going to be "roughed up" when he comes out of his cell. The plaintiff alleges that he fears for his life.

In order to get this case moving, the court construes the plaintiff to be pursuing an Eighth Amendment claim against Lieutenant Wallace for excessive force and for failure to protect the plaintiff from a serious risk of assault and/or arranging for the plaintiff to be assaulted. The court also construes the claim against the Warden in his official capacity for purposes of injunctive relief. The plaintiff has not filed a petition to proceed in forma pauperis, but his trust fund ledgers show that he is indigent, and it seems clear that he does intend to pursue a lawsuit.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states Eighth Amendment claims that: 1) Lieutenant Wallace used excessive force on the plaintiff; 2) Lieutenant Wallace failed and continues to fail to protect the plaintiff from a serious risk of attack; and 3) unknown officers have failed and continue to fail to protect the plaintiff from a serious risk of attack. The plaintiff also states a claim for injunctive relief against the Warden.

2) The clerk is directed to terminate defendant "FCI Pekin" from the caption and to add as defendants: Lieutenant Wallace, the Warden of FCI Pekin, and unknown officers. It is the plaintiff's responsibility to identify the unknown officers for service. Failure to do so will result in their dismissal without prejudice.

3) At this point, the case proceeds solely on the federal claim identified in paragraph one above.

4) The plaintiff is granted leave to proceed in forma pauperis. The clerk is directed to enter the standard text order assessing the initial partial filing fee.

5) This case is referred to the Magistrate Judge for entry of a Prisoner Scheduling Order.

6) The plaintiff's letters, which have been construed as motions, are denied as moot (d/e's 8, 9, 10).

7) The defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this   11th   Day of           August           , 2009.

s/Harold A. Baker
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

1:09-cv-01179-JBM-JAG   # 11   Page 3 of 3